UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY SPICER,

Plaintiff/Petitioner,

v.

CASE NO. 2:06-cv-11859
HONORABLE GERALD E. ROSEN

STANLEY JANICE, MICHAEL SAPALA,
ROBERT PLUMPE, and DIEDRE JACKSON,

Defendants/Respondents.
_______________________________________/

**ORDER OF DISMISSAL**

**I. Introduction**

Plaintiff Johnny Spicer is a state prisoner at Ojibway Correctional Facility in Marenisco, Michigan. He has filed a pleading, which consists of a civil rights complaint under 42 U.S.C. § 1983 and a habeas corpus petition. The civil rights complaint alleges that the defendants, whom Plaintiff has not identified, conspired to deprive Plaintiff of his constitutional rights and used fraudulent documents that led to Plaintiff's unlawful arrest and false imprisonment. The complaint seeks money damages for loss of property and liberty, personal injury, emotional distress, slander, and defamation of character.

The habeas corpus petition alleges that the defendants perpetrated a fraud upon the trial court by leading the state court to believe that a civil infraction was a criminal offense. Plaintiff also alleges that (1) he was denied a speedy trial, (2) a conflict of interest existed, (3) his trial and appellate attorneys provided ineffective assistance, (4) the prosecutor engaged in misconduct, (5) the prosecutor went outside the evidence to obtain a conviction, (6-7) defense

counsel did not properly cross-examine the complaining witness or two expert witnesses, (8) defense counsel failed to resign from Plaintiff's case despite knowing that there was a conflict of interest because Plaintiff filed a grievance against him, (9) the trial court intentionally delayed Plaintiff's trial, thereby losing jurisdiction over the case and violating Plaintiff's constitutional right to a speedy trial, (10) Plaintiff was convicted on the basis of the complainant's false and perjured testimony, (11) the trial court deprived Plaintiff of the right to present witnesses in his defense, (12) the trial court failed to dismiss defense counsel from Plaintiff's case even though counsel was not acting in Plaintiff's best interests, and (13) defense counsel failed to investigate, prepare, and produce any mitigating evidence in Plaintiff's behalf. The habeas petition seeks immediate release from custody.

## II. Discussion

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's civil rights complaint is frivolous and fails to state a claim because it attacks

Plaintiff's conviction, sentence, and present incarceration. A civil rights action is not a proper remedy for a state prisoner who is making a constitutional challenge to the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Plaintiff "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). "This 'favorable termination' requirement is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief – challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute." *Nelson v. Campbell*, 541 U.S. 637, 646-47 (2004) (citing *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004)). *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Success in this action would undermine Plaintiff's conviction and present confinement. Consequently, the complaint is barred by *Heck* and related Supreme Court cases.

The Court declines to adjudicate Plaintiff's habeas corpus petition, because Plaintiff has filed more than one habeas petition in this District, and his last one was transferred to the Court of Appeals as an unauthorized second or successive habeas petition. *See Spicer v. Crowley*, No. 01-CV-74080-DT (E.D. Mich. Oct. 31, 2001) (Tarnow, J. ) The Court of Appeals subsequently denied leave to file a second or successive habeas petition. *See In re Spicer*, No. 01-2578 (6th

Cir. Aug. 30, 2002). Plaintiff has not shown that he received permission to file still another habeas corpus petition.

**III. Conclusion**

Plaintiff's civil rights claims lack an arguable basis in law. Therefore, the complaint is DISMISSED as frivolous and for failure to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The habeas petition is DISMISSED without prejudice to Plaintiff's right to seek permission to file a second or successive habeas petition. An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: May 22, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 22, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager